Honorable Ray Farabee Chairman State Affairs Committee Texas State Senate P. O. Box 12068 Austin, Texas 78711
Re: Whether a city of more than 10,000 inhabitants is required to grant a minimum 30-minute meal break to police officers (RQ-1231)
Dear Senator Farabee:
You ask whether a city having a population in excess of 10,000 is required to give its police officers at least a thirty minute meal break during their work period. Your question is prompted by language found in House Bill No. 2250, enacted during the regular session of the 70th Legislature (Acts 1987, 70th Leg., ch. 933, at 6272). House Bill No. 2250 amended article 1269p, V.T.C.S. This article was also repealed and recodified during the same legislative session as section 142.001 of the Local Government Code. Acts 1987, 70th Leg., ch. 149, at 1397, 1721 and 2545. The repeal of a statute in a recodification does not affect an amendment to that statute by the same legislature. See Gov't Code § 311.031(c). Therefore, any language found in House Bill No. 2250 that is inconsistent with or in addition to language in the recodification will be preserved and given effect.
Both House Bill No. 2250 and section 142.001 of the Local Government Code relate to the hours of labor of firefighters and police officers in cities with a population in excess of 10,000 inhabitants. The statutes provide details for determining the number of hours to be worked and the rate of pay for certain employees. Subsections (j) and (k) of section 142.001 (formerly section 6A of article 1269p) provide: (1) the maximum number of hours that a police officer may be required to work during a calendar week; and (2) the officer's entitlement to compensatory pay or compensatory leave for overtime worked.
In House Bill No. 2250, the legislature specified the time to be taken into account in determining an officer's compensation. Section 2 of the bill amended section 6A of article 1269p, V.T.C.S., by adding the following language:
 Compensable hours of work includes all of the time during which a policeman is on duty on the city's premises or at a prescribed workplace, as well as all other time during which the policeman is suffered or permitted to work for the city. Such time includes all preshift activities and postshift activities which are an integral part of the policeman's principal activity or which are closely related to the performance of the principal activity. Time spent away from the city's premises under conditions that are so circumscribed that they restrict the policeman from effectively using the time for personal pursuits also constitutes hours of work. Bona fide meal periods are not worktime. Bona fide meal periods do not include coffee breaks or time for snacks. The policeman must be completely relieved from duty for the purposes of eating regular meals. Ordinarily 30 minutes or more is long enough for a bona fide meal period. A shorter period may be long enough under special conditions. The policeman is not relieved if he is required to perform any duties, whether active or inactive, while eating. (Emphasis added.)[1]
The purpose of the reference to meal periods is unambiguous; if the period is not to be considered as compensable worktime, then the officer must be relieved of all official duties, and the period must generally meet or exceed thirty minutes. In providing the thirty minute guideline, the legislature is providing a guide to cities to distinguish between compensable and noncompensable time. As we read the above-quoted language, there is no requirement for a city to provide a thirty minute meal break. There is a requirement that a city include meal breaks of less than thirty minutes in its calculation of an officer's pay. An exception is provided for special conditions. Also, the language requires any meal period, regardless of duration, to be considered worktime unless the police officer is fully relieved of his duties for the purpose of eating a regular meal.
We note that article 5154c-1, V.T.C.S. (the Fire and Police Employee Relations Act), may be relevant to your inquiry. This statute authorizes collective bargaining for firefighters and police officers in cities, towns, and other political subdivisions which adopt the provisions of the statute. `Wages, hours, working conditions and all other terms and conditions of employment' are subject to negotiation under this statute. Sec. 5(a).
 SUMMARY
House Bill No. 2250 does not require a city with a population in excess of 10,000 inhabitants to provide its police officers a minimum meal period of thirty minutes. If a police officer is not fully relieved of his duties for the purpose of eating a regular meal, a meal period is considered compensable work time.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lous McCreary Executive Assistant Attorney General
 Judge Zollie Steakly Special Assistant Attorney General
 Rick Gilpin Chairman Opinion Committee
 Prepared by Karen C. Gladney Assistant Attorney General
[1] This section does not apply to a city with a population in excess of 1.5 million inhabitants. Section 4 of House Bill No. 2250 added section 6E to article 1269p to establish the hours for police officers in those cities.